# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BLAKE COMISKEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    CIVIL NO. 09-cv-187-JPG |
| | ) |
| WEXFORD HEALTH SOURCES, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Blake Comiskey, currently an inmate at the Dixon Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from
>     such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon

which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

## CLAIM 1

During Comiskey's stay at Pinckneyville Correctional Center, he made numerous visits to Defendant Tracey Stevens from November 2007 to March 2008 to discuss his suicidal tendencies, schizophrenia, and cutting behavior. Comiskey alleges that although Stevens decided to put up a sign on Comiskey's door stating he that should not be given razors, she did not inform anyone of his behavior and did not stress the importance of the sign, and therefore was deliberately indifferent to his medical needs.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at —, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)

> ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997).

Furthermore, the Circuit recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health – that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

In the present case, in order for Comiskey to establish a deprivation of his right to adequate medical care, he needs to demonstrate that his condition was sufficiently serious and that Stevens acted with deliberate indifference. After diagnosing Comiskey with suicidal tendencies and recognizing that he had a predilection for cutting himself, Stevens put up the sign notifying staff not to give him razors. Even if Comiskey could prove that his condition was sufficiently serious, his allegations that Stevens did not stress the importance of the sign would amount to at most negligence on her part and would not rise to the level of deliberate

indifference; in putting up the sign, Stevens did not disregard an excessive risk to Comiskey's health and safety. Thus, this Eighth Amendment claim is without merit, and it is dismissed with prejudice.

## CLAIM 2

On March 12, 2008, Defendant Correctional Officer McClan accidently gave Comiskey a razor despite the sign on Comiskey's advising against giving him razors. Shortly thereafter, McClan went back to Comiskey's cell to retrieve the razor and saw that Comiskey had used it to cut himself on the arm. McClan took Comiskey to see the nurse where he was given some band-aids. Comiskey alleges that McClan and an unknown defendant who oversaw that wing were deliberately indifferent to his medical needs in failing to follow the dictates on his door.

Applying the standards set forth above in Claim 1, Comiskey must allege that the actions of McClan and the unknown defendant rise to the level of an Eighth Amendment violation. Instead, the allegations indicate that McClan's actions amount to at most an inadvertent error. After realizing his mistake, McCain immediately went back to Comiskey's cell to retrieve the razor and took him to the nurse to treat his wounds. As already stated, inadvertent error does not constitute an Eighth Amendment constitutional violation.

Moreover, the unknown defendant who oversaw the wing cannot be held liable for McClan's actions because "[t]he doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063

(7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Therefore, this claim against McClan and the unknown defendant is without merit, and it is dismissed with prejudice.

During this same incident, Comiskey stated that when he was taken to the nurse, he was told that he needed stitches for his wounds, but never got them. Comiskey alleges this Unknown Nurse #1 was deliberately indifferent to his medical needs by not giving him stitches.

Using the same standards set above, the unknown defendant's actions can at most be construed as inadvertent error or negligence. Though she acknowledged Comiskey's need for stitches, no one took Comiskey back to her to get those stitches, and he does not allege that he requested any further the medical treatment. Thus, Comiskey's claim against Unknown Nurse #1 is without merit and is dismissed with prejudice.

### CLAIM 3

On May 29, 2008, Comiskey was placed on suicide watch; he asked to see a doctor after he started coughing up blood and had stomach pain. Plaintiff claims that an Unknown Nurse #2 did not take him to see the doctor and therefore was deliberately indifferent to his medical needs.

Using the same standards set above in Claim 1, for Comiskey to establish a deprivation of his right to adequate medical care, he needs to demonstrate that his condition was sufficiently serious and that the unknown nurse acted with deliberate indifference. In this case, the facts that Comiskey alleges are not enough to state a claim for deliberate indifference because he does not suggest that the nurse had a sufficiently culpable state of mind. Furthermore, Comiskey did not try and seek further medical attention from anyone else. Thus, this claim against Unknown Nurse #2 is without merit and is dismissed with prejudice.

CLAIM 4

Comiskey claims that at Pinckneyville Correctional Center, he was on suicide watch numerous times and that the cells were very small, there was little heat, and he had no blankets, mattress, or clothes. In addition, he claims that he had no access to the showers or hygiene products. When he asked a correctional officer for the above, he was told to talk to Defendant Ty Wallace. He therefore he alleges that Wallace and an unknown defendant who oversaw the suicide watch violated his Eighth Amendment rights.

The reason that plaintiffs, even those proceeding pro se, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Comiskey has provided no information regarding Wallace's involvement in the incident, other than the fact that Comiskey was told to talk to him. As stated above, Comiskey must associate specific defendants with specific claims; merely providing the name of a potential

defendant is not sufficient to bring about a claim against the individual. Furthermore, the unknown defendant who oversaw the suicide watch cannot be held liable for Wallace's actions, since, as stated above in Claim 2, the doctrine of respondeat superior does not apply to § 1983 actions. Therefore, this claim against Wallace and the unknown defendant is without merit, and it is dismissed with prejudice.

**CLAIM 5**

Comiskey claims that when he was housed in segregation, there was little heat in the cell and the food was not nutritious. Comiskey names an unknown person who oversaw the segregation policies as the defendant.

Using the same standards set above in Claim 2, the doctrine of respondeat superior does not apply to § 1983 actions because a defendant must be personally responsible for the deprivation of a constitutional right. In this case, the unknown person who oversees the segregation policies was not personally responsible for the alleged deprivation of adequate heat and food. Thus, this claim is without merit, and it is dismissed with prejudice.

**CLAIM 6**

Comiskey claims that he filed a grievance complaint to the correctional counselor but did not get any response back from him. He then filed the grievance to the Chief Administrative Officer as an emergency, and when he did not receive a response from them as well he filed his grievance complaints straight to the Administrative Review Board ("ARB"). He alleges that the unknown correctional counselor, the unknown Chief Administrative Officer, and Brian Fairchild, the chairman of the ARB, are denying him adequate medical care and life necessities by failing to take adequate measures to respond to his grievance complaints.

"[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Moreover, inmates do not have a protected liberty interest in receiving their requested relief in the grievance process. Therefore, this claim is dismissed in its entirety.

### CLAIM 7

Comiskey claims that B. Austin, a social worker at Pinckneyville Correctional Center, reported that he was seen by the mental health staff, even though Comiskey himself claims that he was not. The Court is unsure what constitutional provision is implicated by this allegation, but a misrepresentation in an inmate's medical records does not give rise to a civil rights claim. Thus, this claim is dismissed with prejudice.

### OTHER DEFENDANTS

Comiskey also lists the Illinois Department of Corrections ("IDOC") and Wexford Heath Sources as defendants in the caption of his complaint. Governmental entities such as the IDOC cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy. *Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 765 (7th Cir. 2006). *See also Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "The 'official policy' requirement for liability under § 1983 is to 'distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually

responsible.' " *Estate of Sims ex rel. Sims v. County of Bureau,* 506 F.3d 509, 515 (7th Cir. 2007) (quoting *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986)). *See also Lewis v. City of Chicago,* 496 F.3d 645, 656 (7th Cir. 2007) ("Misbehaving employees are responsible for their own conduct, 'units of local government are responsible only for their policies rather than misconduct by their workers.' "(quoting *Fairley v. Fermaint,* 482 F.3d 897, 904 (7th Cir. 2007))).

The same holds true for Wexford Health; Comiskey makes no allegation that any individual defendant acted or failed to act as a result of an official policy espoused by Wexford. *See Woodward v. Corr. Medical Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). (corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the violation).

### DISPOSITION

In summary, the complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** with prejudice.  Comiskey is advised that, within the Seventh Circuit, this dismissal counts as a strike for purposes of § 1915(g).  *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).  The motion for appointment of counsel is **DENIED** as moot.

**IT IS SO ORDERED.**

**Dated: September 30, 2009.**

                                                **s/ J. Phil Gilbert**
                                                **U. S. District Judge**